STATE OF LOUISIANA * PARISH OF OUACHITA * FOURTH JUDICIAL DISTRICT

SUNDEE WILHITE BOLTON and　　　　　　　FILED: _____ APR 0 2 2019
TOMMY RAY BOLTON
　　　　　19-1127
versus No. _____　　　　　CHLOE ELLINGTON

WENDELTA PROPERTY HOLDINGS,
LLC; and LIBERTY MUTUAL
INSURANCE COMPANY　　　　　　　　　　DEPUTY CLERK OF COURT

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come SUNDEE WILHITE BOLTON and TOMMY RAY BOLTON, domiciled in Ouachita Parish, Louisiana, who with respect state:

1.

Tommy Ray and Sundee Bolton are husband and wife, and major residents of Ouachita Parish, whose mailing address is 122 Heritage Drive, West Monroe, LA 71291.

2.

Made defendants herein are:

a. WENDELTA PROPERTY HOLDINGS, LLC ["Wendelta"], a foreign limited liability company which is licensed to do and doing business in Louisiana, and which has as its agent for service of legal process Cogency Global, Inc., 3867 Plaza Tower Dr., 1st Floor, Baton Rouge, LA 70816;

b. LIBERTY MUTUAL INSURANCE COMPANY ["Liberty Mutual"], a foreign insurance company licensed to do and doing business in Louisiana, which may be served with legal process through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, La. 70809; and

c. Presently unknown and unnamed manager and employees of the Wendy's Restaurant at 109 Thomas Road, West Monroe, LA, on and prior to May 16, 2018.

3.

Said defendants are jointly and solidarily indebted unto petitioners for the following causes and reasons, to wit:

4.

On or about May 16, 2018, Petitioner Sundee Bolton parked at and entered the Wendy's Restaurant situated at 109 Thomas Road, West Monroe, Louisiana to order and pick up meals to go.



EXHIBIT A

5.

When the meals were delivered and paid for, Petitioner attempted to leave the crowded restaurant when she suddenly encountered and slipped in a puddle of water on the floor, twisting and falling heavily on the hard surface, with resulting severe injuries.

6.

A female store employee, whom Petitioner believed to be the manager, approached and asked if she was okay. Petitioner was helped from the floor and sat down. The employee requested that Petitioner fill out a report, which she did. A copy of the report was requested but was not provided.

7.

Petitioner asked whether someone had spilled a drink to cause the floor to be wet, and was told by the employee that there was a leaking vent overhead which had been dripping condensation for a couple of months. It had been reported to store management long before this incident, but had not yet been repaired.

8.

In the area where the water was, the floor was dark colored, and there were no cones or signs or warnings of any type to alert customers there was water on the floor.

9.

Prior to and at the moment this accident happened, Petitioner was walking in a normal fashion to leave with her food, and was working her way through other customers and the area where condiments were displayed and maintained. She had no warning of the hazardous condition she confronted, and had no chance to avoid it.

10.

On information and belief, Petitioners assert that at the time this event happened, the Wendy's where this incident happened was owned and operated by Wendelta; and that Wendelta and the managers and employees of Wendy's were insured by a policy of liability insurance issued by Liberty Mutual, providing coverage for injuries caused by the neglect or fault of these persons and inuring to the benefit of those injured by this neglect or fault.

11.

Mrs. Bolton's fall and injury were the fault of the owners, operators, managers and employees of the Wendy's restaurant who failed to maintain their premises in a safe and hazard

free condition and to correct and warn patrons of a defective and dangerous condition. The owners, managers and employees had been told and knew of the defective and leaking equipment which was causing and perpetuating a slip hazard to customers, and which had caused actual falls, but failed to use reasonable care to repair and correct same and to warn of wet and slippery floors, all in violation of La. Civil Code arts. 2315, 2317.1 and 2322.

12.

Mrs. Bolton's fall and resulting injuries were solely and proximately caused by the substandard conduct of defendants and the managers and employees of the Wendy's restaurant to protect patrons from hazardous and unreasonably dangerous conditions or to warn them of the same, and for the following non-exclusive reasons:

  a. Failing to maintain the premises in a safe condition;

  b. Failing to post, or insure the posting by others of signs or warnings to alert patrons of the hazardous condition of the floor;

  c. Failing to repair a leaking condition about which they had been specifically informed for months which created a known hazard to unsuspecting customers and other persons within the store;

  d. Failing to promptly repair a leakage problem which they knew was causing customers to slip and fall; and

  e. In other particulars to be shown at trial.

13.

After and as a result of her fall, Mrs. Bolton suffered extensive injuries to her back, groin and legs which have required extensive medical care and treatment, which is ongoing.

14.

As a direct result of this incident, Petitioner Sundee Bolton sustained severe and disabling injuries which include past and future medical expense; past and future physical pain and suffering; past and future mental anguish; disability; past and future economic losses, including losses of income, losses of earning capacity and losses of household services; past and future loss of enjoyment of life; and other damages which may be developed through the discovery process.

15.

At all times herein, Petitioner Tommy Bolton has been married to Sundee Bolton. As a result of this accident, he has suffered a loss of consortium, for which he is entitled to damages from defendants herein.

16.

For the above reasons, Petitioners are legally entitled to and hereby request judgment against defendants, jointly and in solido, in an amount deemed reasonable by the Court, with interest at the legal rate from date of judicial demand until paid and all costs of these proceedings.

17.

Petitioners allege the damages in this case exceed $75,000, exclusive of interest and costs.

WHEREFORE, Petitioners pray that Defendants be cited and served with citation and this Petition, and ordered to answer same; and that after trial or due proceedings are had, that there be judgment herein in favor of SUNDEE WILHITE BOLTON AND TOMMY RAY BOLTON, and against WENDELTA PROPERTY HOLDINGS, LLC and LIBERTY MUTUAL INSURANCE COMPANY, jointly and *in solido*, in an amount deemed reasonable by this Court, together with interest at the legal rate from date of judicial demand until paid and all costs of this proceeding.

Respectfully submitted,

By: *Charles W. Heck*
CHARLES H. HECK, Bar No. 06743
CHARLES H. HECK, JR. Bar No. 25704
HECK LAW FIRM, L.L.P.
1900 N. 18TH Street, Ste. 430
Monroe, Louisiana 71201
Phone: 318-322-0744
Fax: 318-322-0746

and

Christian C. Creed, Bar No. 23701
**CREED & CREED**
1805 Tower Drive
Monroe, Louisiana  71201
Phone: 318-362-0086
Fax:    318-326-0816

**Counsel for Sundee Wilhite Bolton and Tommy Ray Bolton**

***Please Serve Defendants***:

1. **WENDELTA PROPERTY HOLDINGS, LLC** through its agent for service of legal process Cogency Global, Inc., 3867 Plaza Tower Dr., 1st Floor, Baton Rouge, LA 70816;

2. **LIBERTY MUTUAL INSURANCE COMPANY** as insurer of WENDELTA PROPERTY HOLDINGS, LLC and also as insurer of the owners, operators, managers and employees of the Wendy's Restaurant at 109 Thomas Road, West Monroe, LA, through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, La. 70809.